IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SYLVIA SALAS**                                                                                **PLAINTIFF**

vs.                                             No. 5:20-cv-1207

**JOHNSON CONTROLS, INC., and**                                     **DEFENDANTS**
**YORK INTERNATIONAL CORPORATION**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Sylvia Salas ("Plaintiff"), by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendant Johnson Controls, Inc., and York International Corporation (collectively "Defendant" or "Defendants"), she does state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendant's failure to pay Plaintiff a lawful overtime wage as required by the FLSA.

### II.    JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant to provide services for Defendant's business in San Antonio. Therefore, the acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

6. Plaintiff is an individual and resident and domiciliary of Bexar County.

7. Separate Defendant Johnson Controls, Inc. ("Johnson Controls"), is a foreign, for-profit corporation registered to do business in the State of Texas.

8. Johnson Controls's registered agent for service of process in Texas is C T Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Separate Defendant York International Corporation ("York International") is a foreign, for-profit corporation registered to do business in the State of Texas.

10. York International's registered agent for service of process in Texas is C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Defendant maintains a website at https://www.johnsoncontrols.com/.

### IV.     FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish

wages and wage policies and set schedules for their employees through unified management.

14. Upon information and belief, the revenue generated from Johnson Controls and York International was merged and managed in a unified manner.

15. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16. Defendant's primary business is optimizing building performance to improve safety and enhance comfort.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. During each of the three years preceding the filing of this Complaint, Defendant had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, such as computers, tools and equipment.

19. Defendant was, at all times relevant herein, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

21. Defendant had the power to supervise, hire, fire and discipline Plaintiff, and the power to set the schedule and conditions of Plaintiff's work, including the creation and maintenance of the pay policy applicable to Plaintiff.

22. Plaintiff worked for Defendant in San Antonio as a warehouse coordinator within the three years preceding the filing of this complaint.

23. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

24. Plaintiff worked for Defendant from approximately July of 2019 to September of 2020.

25. Throughout Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the FLSA and paid her an hourly rate.

26. Plaintiff regularly worked more than forty (40) hours in a single workweek.

27. It was Defendant's commonly applied practice not to pay Plaintiff for all the hours during which she performed work for Defendant.

28. Plaintiff regularly responded to and was required to respond to calls from her supervisors and others while off the clock in the evenings and on the weekends.

29. Defendant had actual knowledge of at least some of the phone calls and off-the-clock work.

30. Plaintiff was not paid for the hours she spent answering calls after her shift was over.

31. As a result of these policies and practices, Defendant failed to pay Plaintiff a proper overtime premium for all of the hours she worked in excess of forty (40) hours in a week.

32. At all relevant times herein, Defendant failed to accurately record all of the time worked off-the-clock by Plaintiff and failed to properly compensate all of the off-the-clock hours.

33. Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of her recorded hours, yet Defendant failed and refused to compensate Plaintiff for her work as required by the FLSA.

34. At all times relevant hereto, Defendant was aware of the overtime requirements of the FLSA.

## V. CAUSE OF ACTION—Violation of the FLSA

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

38. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

39. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

40. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

41. Defendant willfully failed to pay overtime wages to Plaintiff.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sylvia Salas respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SYLVIA SALAS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com
